# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-2847

**Caption [use short title]**

**Motion for:** Unopposed Motion to Expedite

Set forth below precise, complete statement of relief sought:

Expedite case; enter abbreviated briefing schedule; set case for oral argument during an appropriate April 2025 sitting.

# Christian v. James

**MOVING PARTY:** Steven G. James  **OPPOSING PARTY:** _____

☐ Plaintiff    ☐ Defendant
☑ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** Sarah Coco  **OPPOSING ATTORNEY:** See attached
[name of attorney, with firm, address, phone number and e-mail]

Office of the New York State Attorney General

28 Liberty St., 23rd Floor, New York, NY 10005

212-416-6312 sarah.coco@ag.ny.gov

**Court- Judge/ Agency appealed from:** Western District of New York, Hon. John L. Sinatra

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes  ☐ No
Has this relief been previously sought in this court?   ☐ Yes  ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes  ☑ No  If yes, enter date: _____

**Signature of Moving Attorney:**
/s/ Sarah Coco    **Date:** 11/4/24    Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

Nonmoving Parties:

Plaintiffs-Appellees Brett Christian, Firearms Policy Coalition, Inc., Second Amendment Foundation.

Defendant Michael J. Keane, in his official capacity as District Attorney for the County of Erie, New York.

Nonmoving Parties' Attorneys :

David H. Thompson
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, NW
Washington, DC 20036
202-220-9659
Dthompson@cooperkirk.com
Counsel for Plaintiffs-Appellees

Morgann Obrochta
Erie County Department of Law
95 Franklin Street
16th Floor
Buffalo, NY 14202
716-858-2203
Morgann.Obrochta@erie.gov
Counsel for Defendant

## UNOPPOSED MOTION TO EXPEDITE

Defendant-appellant Steven G. James, Superintendent of the New York State Police, respectfully moves this Court to expedite this case by entering an abbreviated briefing schedule and by setting the case for oral argument during an available April 2025 sitting. Counsel for defendant-appellant Michael J. Kean, District Attorney for the County of Erie, and counsel for plaintiffs-appellees Brett Christian, the Second Amendment Foundation, and the Firearms Policy Coalition, do not oppose the relief requested in this motion.

## BACKGROUND

On July 1, 2022, New York's Legislature passed the Concealed Carry Improvement Act (CCIA), which made changes to New York's firearm licensing and carrying laws. *See* Ch. 371, 2022 McKinney's N.Y. Laws 1447 (eff. Sept. 1, 2022). As pertinent to this appeal, the CCIA prohibits possessing "a firearm, rifle, or shotgun" in a "restricted location," which is defined as private property where the person possessing the weapon "knows or reasonably should know that the owner or lessee of such property has not permitted such possession by clear and conspicuous

signage indicating that the carrying of firearms, rifles, or shotguns on their property is permitted or by otherwise giving express consent." Penal Law § 265.01-d(1). The private property provision does not apply to law enforcement officers, military personnel, armed security guards, and persons lawfully hunting. *Id.* § 265.01-d(2).

On September 13, 2022, shortly after the CCIA took effect, plaintiffs Brett Christian and two gun-advocacy organizations filed suit under 42 U.S.C. § 1983 in the Western District of New York against the Superintendent of the New York State Police and the district attorney of Erie County, arguing that the Second and Fourteenth Amendments prohibit the private property provision as well as restrictions on possessing firearms in public parks and on public transit. (*See* Compl. (Sept. 13, 2022), WDNY ECF No. 1.) Two weeks later, plaintiffs moved for a preliminary injunction to enjoin defendants from continuing to enforce the challenged provisions. As to the private property provision, the plaintiffs' requested injunction was limited to property open the public. The State opposed the motion. (*See* WDNY ECF Nos. 19, 33, 46.)

On November 22, 2022, the district court (Sinatra, J.) issued a preliminary injunction barring defendants from enforcing the private

property provision as to private property open to the public, and reserved ruling on the portions of the motion seeking an injunction as to the public parks and public transit restrictions. (*See* Order at 26-27 (Nov. 11, 2022), WDNY ECF No. 49.)

The State appealed and sought a stay pending appeal, which was granted. *Antonyuk v. Chiumento*, 89 F.4th 271, 294 (2d Cir. 2023). On December 8, 2023, this Court issued a consolidated opinion addressing four appeals challenging provisions of the CCIA, including the State's appeal of the preliminary injunction entered in this case. *See id.* at 288.[1] As relevant here, the Court upheld the district court's preliminary injunction enjoining enforcement of the private property provision as to private property open to the public, reasoning that the State's historical precedents

---

[1] Plaintiffs in one of the consolidated appeals filed a petition for certiorari. The Supreme Court granted the petition and vacated and remanded the Second Circuit's decision for further consideration in light of *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024). *See Antonyuk v. James*, 144 S. Ct. 2709 (Mem.) (2024). On October 24, 2024, the Second Circuit issued a revised decision reaffirming its prior conclusions. *See Antonyuk v. James*, No. 22-2908, 2023 WL 11963034 (2d Cir. Oct. 24, 2024). However, as the Court explained, because no party in *Christian v. James* sought further review of the Court's December 2023 decision in that case, the original decision remains applicable to the parties in this appeal. *See id.* at *2 n.3.

3

did not support a historical tradition of presumptively forbidding firearms on property open to the public because some of them appeared to have been enacted for a different purpose and because "[a]s it ha[d] been developed thus far" the historical record indicated that the State's historical precedents applied only to property closed to the public. *Id.* at 384-86. However, the Court invited further development of the historical record on remand, emphasized that its review was "at a very early stage of this litigation," and explained that its decision did not "determine the ultimate constitutionality" of the provision, which would require "further briefing, discovery, and historical analysis." *Id.* at 388 n.116.

On remand, plaintiffs and the State filed cross motions for summary judgment. (*See* WDNY ECF Nos. 73-1, 77-1.) On October 10, 2024, the district court issued a decision and order permanently enjoining enforcement of the private property provision as to private property open to the public, concluding that the State's historical precedents were not sufficiently analogous to the private property provision because they burdened Second Amendment rights for a different purpose or to a lesser extent

4

than the private property provision.[2] (*See* Decision & Order (Oct. 10, 2024) at 39-41, WDNY ECF No. 98.) In reaching that conclusion, the district court did not address in any depth the additional historical evidence provided by the State. *See id.* at 37 n.21.

## THE APPEAL SHOULD BE EXPEDITED

Expedited briefing is appropriate here because the State's appeal raises important questions regarding the enforceability of the private property provision, a duly enacted state law intended to protect public safety by ensuring that property owners can make informed decisions about who enters their property. Since its enactment in 2022, the private property provision has been the subject of more than two years of litigation, generating considerable uncertainty for the parties to this appeal. Prompt judicial resolution of this appeal will bring certainty to this important question and further judicial economy by preventing duplicative appeals in similar cases challenging the private property provision.

---

[2] Plaintiffs and the State also sought summary judgment on plaintiffs' challenge to restrictions on possessing firearms in public parks. The district court stayed adjudication of that issue pending the Second Circuit's decision following remand in *Antonyuk*. (*See* Decision & Order (Oct. 10, 2024) at 2 n.1, WDNY ECF No. 98.)

5

The parties have conferred and propose an abbreviated briefing schedule that grants each side approximately two months to file their opening briefs, followed by 14 days for defendants-appellants' reply brief. The parties further propose that the case be set for argument during an available April 2025 sitting. The proposed briefing and argument schedule is:

> Defendants-Appellants' Opening Brief: January 3, 2025
>
> Plaintiffs-Appellees' Brief: March 4, 2025
>
> Defendants-Appellants' Reply Brief: March 18, 2025
>
> Oral Argument: April 2025

The proposed briefing and argument schedule provides sufficient time to brief the complex legal issues presented. At the same time, it ensures that the appeal will be heard prior to this Court's summer recess.

Therefore, the State respectfully requests that this unopposed motion to expedite be granted.

Dated: New York, New York
November 4, 2024

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*

By:   /s/ Sarah Coco
    SARAH COCO
    Assistant Solicitor General

    28 Liberty Street
    New York, NY 10005
    (212) 416-6312

BARBARA D. UNDERWOOD
  *Solicitor General*
ESTER MURDUKHAYEVA
  *Deputy Solicitor General*
SARAH COCO
  *Assistant Solicitor General*
    *of Counsel*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rules 27 and 32 of the Federal Rules of Appellate Procedure, Ava Mortier, an employee in the Office of the Attorney General of the State of New York, hereby certifies that according to the word count feature of the word processing program used to prepare this document, the document contains 1,127 words and complies with the typeface requirements and length limits of Rules 27(d) and 32(a)(5)-(6).

　　　　　　　　　　　　　　　　　　　*/s/ Ava Mortier*