

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

June 11, 2025

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

Re:  *Christian v. James*, No. 24-2847

Dear Ms. Wolfe:

I write for defendant-appellant Steven G. James, in his official capacity as Superintendent of the New York State Police, regarding this Court's recent decision in *Zherka v. Bondi*, No. 22-1108, 2025 WL 1618440 (2d Cir. June 9, 2025), rejecting a Second Amendment challenge to a federal law which prohibits convicted felons from possessing firearms. The *Zherka* decision reaffirms many of the Second Amendment principles clarified by this Court in *Antonyuk v. James*, 120 F.4th 941 (2d Cir. 2024), which strongly support the constitutionality of the private-property provision at issue here.

First, *Zherka* confirms that this Court may consider Reconstruction-era history in evaluating Second Amendment challenges to state laws like the private-property provision. Indeed, *Zherka* concludes that this question has already been settled in this Circuit: "In *Antonyuk*, we decided that Reconstruction *was* relevant to *state* regulations." 2025 WL 1618440, at *7 n.14 (citing *Antonyuk*, 120 F.4th at 973-74). Here, that evidence includes historical laws from Louisiana, Florida, Texas, and Oregon that are closely analogous to the private-property provision. See State Reply Br. 20.

Second, *Zherka* explains that historical laws that discriminate on the basis of religion, race, or other protected characteristics, and "might well be deemed unconstitutional today on First and Fourteenth Amendment grounds," are nonetheless "relevant to the Second Amendment historical analysis that *Bruen* requires." 2025 WL 1618440, at *13; *see id.* at *18. Accordingly, this Court should reject plaintiffs' argument that several of the Reconstruction-era analogs cited by the State should be disregarded as relevant to the Second Amendment analysis because they were enacted by racist state legislatures. *See* Appellees' Br. 52-56. As the State explained, all available historical evidence is relevant to the public understanding of the Second Amendment's limitation (or lack thereof) on a State's ability to regulate firearms. See State Reply Br. 17-18.

Respectfully submitted,

*/s/ Sarah Coco*

Sarah Coco
Assistant Solicitor General
(212) 416-6312

cc: Counsel of record (by ECF)