### UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 24-2847 _____          _____ Caption [use short title] _____

**Motion for:** Leave to File a Corrected Reply Brief

_____

_____

Set forth below precise, complete statement of relief sought:

Appellant seeks permission to file corrected version of his

reply brief to correct inadvertent typographical errors.

# Christian v. James

_____

_____

_____

_____

**MOVING PARTY:** Steven G. James _____   **OPPOSING PARTY:** _____

☐ Plaintiff          ☐ Defendant

☑ Appellant/Petitioner          ☐ Appellee/Respondent

**MOVING ATTORNEY:** Sarah Coco _____   **OPPOSING ATTORNEY:** David H. Thompson _____

[name of attorney, with firm, address, phone number and e-mail]

| | |
|---|---|
| Office of the New York State Attorney General | Cooper & Kirk, PLLC, 1523 New Hampshire Avenue, N.W. |
| 28 Liberty St., 23rd Floor, New York, NY 10005 | Washington, D.C., 20036 |
| 212-416-6312 sarah.coco@ag.ny.gov | 202-220-9600 dthompson@cooperkirk.com |

Court- Judge/ Agency appealed from: Western District of New York, Hon. John L. Sinatra

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes    ☐ No (explain): _____
_____

Opposing counsel's position on motion:
☑ Unopposed    ☐ Opposed    ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes    ☐ No    ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____
_____
_____
_____
_____

Is oral argument on motion requested?   ☐ Yes   ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☑ Yes   ☐ No   If yes, enter date: 06/25/25

**Signature of Moving Attorney:**

/s/ Sarah Coco _____   Date: 06/23/25 _____   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

BRETT CHRISTIAN, et al.,

       *Plaintiffs-Appellees*,

       v.

STEVEN G. JAMES, in his official capacity as
Superintendent of the New York State Police,

       *Defendant-Appellant*.

No. 24-2847

## DECLARATION IN SUPPORT OF APPELLANT'S MOTION TO FILE A CORRECTED BRIEF

SARAH COCO, an attorney duly admitted to practice in this Court, declares the following under penalty of perjury, 28 U.S.C. § 1746:

1.    I am an Assistant Solicitor General in the Office of the Attorney General of the State of New York, counsel for Appellant Steven G. James, Superintendent of the New York State Police. I make this declaration based on my review of this Office's files and on my communications with other personnel at this Office. I make this declaration in support of appellant's motion for leave to file a corrected version of his reply brief, originally filed on March 18, 2025, at ECF No.

52.1, to correct inadvertent typographical errors in a quotation to the joint appendix. This motion is unopposed.

2.    On June 20, 2025, Appellees Brett Christian, Second Amendment Foundation, and Firearms Policy Coalition, Inc., filed a letter pursuant to Federal Rule of Appellate Procedure 28(j) that drew appellant's attention to two typographical errors relating to a quotation from a document in the joint appendix in appellant's reply brief. While we regret these errors, we do not believe they have any relevant significance.  Appellant seeks to correct these inadvertent errors by filing a corrected version of his reply brief, which will correct the errors on the redlined page attached hereto as Exhibit A.

3.    Other than the changes reflected in Exhibit A, the corrected version of appellant's reply brief to be filed is identical to the original version.

4.    Counsel for appellant notified counsel for appellees of these errors and appellant's intent to submit this motion.

Dated:    New York, New York
          June 23, 2025


                         _/s/ Sarah Coco_____
                         SARAH COCO

2

# EXHIBIT A

racist purposes.[4] *See* Br. at 49-56. As an initial matter, the history of gun regulation in southern States after the Civil War is more complex than plaintiffs acknowledge. Although racist legislatures used gun regulations in a racially targeted manner, Republican forces also used racially neutral gun regulations to promote public safety. In fact, military orders issued by the occupying federal forces during Reconstruction, while reaffirming the right of all to bear arms, reflect the same private-property limit on the right to bear arms embodied in the Texas, Florida, and Louisiana laws. An 1866 order stated: "'[T]he constitutional rights of all loyal and well-disposed inhabitants to bear arms will not be infringed; nevertheless this shall not be construed . . . to authorize any person to enter with arms on the premises of another ~~without~~ against his consent.'" (J.A. 17~~50~~46.)

There is no indication that the ratifiers of the Fourteenth Amendment would have understood neutral laws prohibiting the carrying of firearms on private property, neutrally enforced, to violate the Second

---

[4] Plaintiffs' argument does not address Oregon's 1893 law, which is virtually identical in substance to the Louisiana, Texas, and Florida laws, and was enacted in the same time period. (*See* J.A. 1266.)

16